IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FRANK WESLEY REGISTER and | ) | Case No. 10-20054 |
| TRACY KATHLENE REGISTER, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

FILED

3:13 pm, 5/21/10

Tim J. Ellis
Clerk of Court

## OPINION ON MOTION TO CONFIRM
## DEBTORS' AMENDED CHAPTER 13 PLAN DATED APRIL 7, 2010.

On May 19, 2010, the Debtors' motion for confirmation on the Amended Chapter 13 Plan, dated April 7, 2010 and the Trustee's objection came before the Court for an evidentiary hearing. The parties were represented as stated on the record. Having reviewed the record, testimony, and evidence, the Court is prepared to rule, and for the reasons stated, overrules the Trustee's objection.

Confirmation of a plan is a core proceeding which a United Stated bankruptcy court has jurisdiction under 28 U.S.C. §157(b)(2)(L).

At the hearing, the parties agreed that the pending issue before the court is whether the Debtor, Mrs. Register, who has a fifty percent ownership interest in the business known as Bridger Valley Locksmith, LLC ("LLC") should be required to include profit from the business into her disposable income for the purpose of calculating the Debtors' projected disposable income to be paid to non-priority unsecured creditors.

**Facts:**

Mrs. Register listed, as an asset on Schedule B, her 50 percent (50%) ownership

interest in the LLC. According to Mrs. Register's testimony the remaining interest is equally owned by her two daughters. The Debtors filed an Amended Chapter 13 Statement of Current Monthly Income (Amended Form 22C) on April 19, 2010. On the Amended Form 22C, Debtors include in section 3 c. the amount of $158.64 as her one-half interest income from the operation of a business. Debtors do not include any business income or expenses on their Schedules I or J.

Mrs. Register testified extensively, regarding the LLC's bank statement entries for expenses and deposits representing sales that generated income. Mrs. Register also testified that she prepared, for the Trustee, a Monthly Profit and Loss Statement for January 2010 showing a total profit for that month of $4,300.30. Mrs. Register testified that she did not know what she was doing when she completed that statement, so she retained an accountant. Thereafter, Mrs. Register had her accountant prepare the Profit and Loss Statement for the period of January 1, 2010 through March 31, 2010. That quarterly report indicates the following: (1) January 2010 shows a net loss of $2,209.60; (2) February 2010 shows a net profit of $2,377.70; and, (3) March 2010 shows a net loss of $1,876.95. Mrs. Register also testified that in the period from October 2009 through March 2010, she took as "draws" from the business a total amount of $83.67. Mrs. Register does not receive an income from the LLC.

**Discussion:**

If the trustee objects to the confirmation of a plan, then the court may not approve

the plan unless, as of the effective date, the plan provides that all of the debtor's projected disposable income received in the applicable commitment period, is applied to make payments to unsecured creditors. The applicable commitment period is either three years or not less than five years depending upon the debtor's current monthly income. In this case, there was no controversy that the Debtors' income is below the average median income for a household of their size in Wyoming. Therefore, their applicable commitment period is three years.

If a chapter 13 debtor's current monthly income is below-median, the debtor is not required to complete Form 22C, for the calculation of allowed expenditures to determine projected monthly income. Therefore, the Court looks to the Debtors' Schedule I and J to determine disposable income.

The Debtors did not schedule any income or expenses from the LLC. In this Court's analysis, this was correct. The LLC is a separate business entity. Mrs. Register's interest in the business is her fifty percent ownership interest, which she listed on Schedule B. She does not receive a wage or income from the LLC. She does not pay the expenses of the LLC from her personal accounts. She received a total nominal draw of nearly $84.00 for a period of over nine months. The Debtors' plan includes all their projected disposable income. Therefore, the Trustee's objection is overruled and the confirmation of the plan granted.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 21 day of May, 2010.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge